[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Paul F. Hopper d/b/a Paul F. Hopper Associates (Hopper) brings the present action against the defendants E. Jane Hemphill and People's Bank seeking to foreclose a mechanic's lien. Hemphill filed an answer with special defenses and counterclaims against Hopper. Hemphill alleges in her counterclaim negligence (count one), breach of contract (count two), fraudulent misrepresentation (count three) and violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA) (count four). Hopper moved to strike counts three and four of the counterclaim, Hemphill's claim for punitive damages as to count three and damages pursuant to General Statutes § 42-110g as to count four.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . . We take the facts to be those alleged in the complaint . . ., and we CT Page 5706 construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, ___ A.2d ___ (2000).
The court grants Hopper's motion to strike count three of the counterclaim. "The essential elements of a cause of action in fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the patty making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury." (Internal quotation marks omitted.) Citino v. Redevelopment Agency, 51 Conn. App. 262, 275,721 A.2d 1197 (1998). Hemphill alleges that Hopper delivered what "he represented to be construction drawings for use in the expansion and renovation project," the "drawings prepared and delivered by [Hopper] pursuant to the agreement were incomplete and were not construction drawings suitable or adequate for use in constructing such improvements" and Hopper "knew that the drawings were inadequate for construction or was recklessly indifferent to whether or not such drawings were so inadequate." The court holds that Hemphill has failed to allege that Hopper intended to induce Hemphill to act upon these false statements or to plead sufficient facts that support such an allegation. See YachtCenters LLC v. Harbor Plaza Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143912 (March 28, 1996, Ryan, J.).
The court denies Hopper's motion to strike count four of the counterclaim because Hemphill has alleged intentional false statements by Hopper while engaged in his trade or business. General Statutes §42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business." "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, CT Page 5707 statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford ElectricSupply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824
(1999). "[B]ecause CUTPA is a self-avowed remedial measure . . . it is construed liberally in an effort to effectuate its public policy goals."Shiffrin v. I.V. Services of America, Inc., 53 Conn. App. 129, 138,729 A.2d 784 (1999).
Hemphill alleged that Hopper delivered what were represented to be construction drawings for use in the expansion and renovation project when Hopper knew that such drawings were inadequate. Hemphill also alleged various injuries she sustained as a result of this misrepresentation such as additional costs for zoning approvals and correction of the building's foundation. Construing these allegations in favor of the nonmoving party, the court concludes that the allegations could violate all three criteria of the "cigarette rule."
Hopper argues that malpractice does not constitute a violation of CUTPA. See Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoffand Kotkin, 247 Conn. 48, 79, 717 A.2d 724 (1998) (holding CUTPA does not apply to legal malpractice); Haynes v. Yale-New Haven Hospital,243 Conn. 17, 34, 699 A.2d 964 (1997) (holding CUTPA does apply to medical malpractice). However, this court is reluctant to extend the above holdings to exclude claims of malpractice by an architect. "The Supreme Court's exclusion of medical and legal malpractice claims turned . . . on considerations of public policy. While there are similarities among the three professions, there are differences as well. Whether the `special relationship' between doctor/patient and attorney/client applies to the architect/client relationship so as to implicate the public policy considerations applied in Haynes is uncertain. Given this uncertainty, it would be inappropriate to extend the CUTPA exclusion beyond the holding in Haynes." Franco v. Mediplex Construction, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 390458 (March 22, 1999, Devlin, J.).
Accordingly, the motion to strike is granted as to count three and the associated prayer for relief for punitive damages. The motion to strike is denied as to count four and the associated prayer for relief pursuant to General Statutes § 42-110g.
HICKEY, J. CT Page 5708